# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 24-1974V

| | |
|---|---|
| KARLEE SPARKMAN,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: July 28, 2025 |

*Bridget Candace McCullough*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Jay Travis Williamson*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

　　On July 14, 2025, Karlee Sparkman filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza vaccine administered on October 6, 2023. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

　　On July 23, 2025, a ruling on entitlement was issued, finding Petitioner entitled to compensation for a SIRVA. On July 24, 2025, Respondent filed a proffer on award of compensation indicating Petitioner should be awarded $53,200.96 (comprised of $52,500.00 for pain and suffering and $700.96 for unreimbursed expenses) and $2,939.55 to satisfy a State of Kentucky Medicaid Lien. Respondent's Proffer on Award of Compensation ("Proffer") at 1-2. In the Proffer, Respondent represented that Petitioner

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the Proffer, **I award Petitioner**

    A.  **A lump sum payment of $53,200.96 (comprised of $52,500.00 for pain and suffering, and $700.96 for past unreimbursed expenses) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner; and**

    B.  **A lump sum payment of $2,939.55 representing compensation for satisfaction of the State of Kentucky Medicaid Lien lien in the form of a check payable jointly to Petitioner and Anthem Medicaid, and mailed to:**

**Carelon**
**ATTN: Patricia Wyland, Subrogation Analyst**
**P.O. Box 659940**
**San Antonio, TX 78265-9939**

Petitioner agrees to endorse this check to Anthem for satisfaction of the Medicaid lien.

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| KARLEE SPARKMAN,<br><br>                    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | No. 24-1974V<br>Chief Special Master Corcoran<br>ECF |

**PROFFER ON AWARD OF COMPENSATION**

On July 14, 2025, respondent filed a Vaccine Rule 4(c) report concluding that petitioner suffered an injury that is compensable under the National Childhood Vaccine Injury Act of 1986, as amended, 42 U.S.C. §§ 300aa-10 to -34, that is, a shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table. Accordingly, on July 23, 2025, the Chief Special Master issued a Ruling on Entitlement.

I.   **Compensation for Vaccine Injury-Related Items**

   A.   Pain and Suffering

Based upon the evidence of record, respondent proffers that petitioner should be awarded a lump sum of **$52,500.00** for pain and suffering, in the form of a check payable to petitioner. Petitioner agrees.

   B.   Medicaid Lien

Respondent proffers that petitioner should be awarded funds to satisfy the State of Kentucky Medicaid lien in the amount of **$2,939.55**, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Kentucky may have against any individual as a result of any Medicaid payments the State of Kentucky has made to or on behalf of petitioner from the date of her eligibility for benefits through the date of

judgment in this case as a result of her alleged vaccine-related injury suffered on or about November 6, 2023, under Title XIX of the Social Security Act.

The above amounts represent all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

    C. <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of **$700.96**.  *See* 42 U.S.C. § 300aa-15(a)(1)(B).  Petitioner agrees.

**II.**     **Form of the Award**

Petitioner is a competent adult.  Evidence of guardianship is not required in this case. The parties recommend that compensation provided to petitioner should be made through two lump sum payments described below, and request that the Chief Special Master's decision and the Court's judgment award the following: [1]

A.  A lump sum payment of **$53,200.96** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner; and

B.  A lump sum payment of **$2,939.55**, representing compensation for satisfaction of the State of Kentucky Medicaid lien, in the form of a check payable jointly to Anthem Medicaid and petitioner, and mailed to:

>  Carelon
> ATTN: Patricia Wyland, Subrogation Analyst
> P.O. Box 659940
> San Antonio, TX 78265-9939

Petitioner agrees to endorse the check to Anthem for satisfaction of the Medicaid lien.

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

3

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

ALEXIS BABCOCK
Assistant Director
Torts Branch, Civil Division

/s/ J. Travis Williamson
J. TRAVIS WILLIAMSON
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 598-1099
Jay.T.Williamson@usdoj.gov

DATED: July 24, 2025